Michael R. Minkoff, Esq.
Bar No.: 084112013
BORRELLI & ASSOCIATES, P.L.L.C.
655 Third Avenue, Suite 1821
New York, New York 10017
Tel: (212) 679-5000
Fax: (212) 679-5005
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN TELFER,<br><br>Plaintiff,<br><br>-against-<br><br>CERUS ADVISORS, LLC, and<br>FORTUNA FUNDS, LLC, and<br>STEPHEN SOLER, individually,<br><br>Defendants. | **Civil Action No.:**<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

JOHN TELFER, by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against CERUS ADVISORS, LLC ("Cerus"), and FORTUNA FUNDS, LLC ("Fortuna"), and STEPHEN SOLER, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

1.  This is a civil action based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the full payment provisions of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A., 34:11-4.2; (iv) breach of contract under New Jersey common law; (v) the Internal Revenue Code ("IRC")'s prohibition against any person filing a fraudulent information return with respect to payments purported to be made to any other person, 26 U.S.C. § 7434(a); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - an investment services company, its subsidiary, and the subsidiary's Chief Executive Officer - - as President and Chief Compliance Officer from September 21, 2016 to January 31, 2017. As described below, from November 1, 2016 to January 31, 2017, even though Plaintiff worked an average of sixty hours per week, Defendants failed to pay Plaintiff any wages at all, and thus not the wages collectively due to him under the FLSA and the NJWPL, i.e., not at least the minimum wage for every hour worked, not his regular rate of pay for all hours worked up to forty in a week, and not his overtime rate of time and one-half his regular rate for any hours that he worked in a week in excess of forty.

3. Additionally, Defendants committed breach of contract under New Jersey common law by failing to reimburse Plaintiff for any travel expenses incurred from January 1, 2017 to January 31, 2017, as Defendants promised at the time of Plaintiff's hire.

4. Furthermore, Defendants willfully and fraudulently reported Plaintiff's wages to the Internal Revenue Service ("IRS") as 1099 income in 2016, resulting in Plaintiff being forced to bear Defendants' share of Defendants' payroll taxes despite Plaintiff being an employee, and thus incurring increased tax liability in violation of the IRC.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under state law.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

7.      At all relevant times herein, Plaintiff worked for Defendants in New Jersey, and was an "employee" entitled to protection as defined by the FLSA and the NJWPL, and a "person" entitled to protection under the IRC.

8.      At all relevant times herein, Defendant Cerus was and is a New York corporation with its principal place of business located at 200 Park Avenue, Suite 1700, New York, New York 10166.

9.      At all relevant times herein, Defendant Fortuna was and is a New Jersey corporation with its principal place of business located at 600 East Crescent Avenue, Upper Saddle River, New Jersey 07458.

10.     At all relevant times herein, Defendant Soler was and is the Chief Executive Officer of Defendant Fortuna. In that role, he oversaw the business's operations on a day-to-day basis, and was responsible for making all personnel decisions, including hiring, firing, determining employees' hours worked and the rates and method of payment of employees' wages, and maintaining employment records. Indeed, Soler hired Plaintiff, set his rate of pay, directed his day-to-day schedule, and oversaw his work assignments.

11. At all relevant times herein, Defendant Fortuna was a wholly-owned subsidiary of Defendant Cerus. Together, while legally distinct, the two entities operated as part of the same single enterprise to provide investment services to various clientele, with Defendant Fortuna serving its own client base by using Defendant Cerus's funding and strategic advice, and Defendant Cerus handling various administrative aspects of Defendants' work, such as processing payroll and issuing tax forms to Defendants' employees, including Plaintiff. Together, both operated as Plaintiff's joint employer.

12. Indeed, at all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NJWPL and "persons" within the meaning of the IRC. Additionally, the qualifying annual business of Defendants Cerus and Fortuna exceeded and exceeds $500,000, and these Defendants were and are engaged in interstate commerce within the meaning of the FLSA as they employ two or more employees and provide investment services including, *inter alia*, selling pre-Initial Public Offering securities over the phone to clients located in, at least, both New York and New Jersey, the combination of which subjects Defendants to the FLSA's overtime and minimum wage requirements as an enterprise. Additionally, Plaintiff was personally engaged in interstate commerce, as he commuted to work in New Jersey from New York, and interacted with clients and investors from out-of-state as part of his daily duties, which individually subjects Defendants to the FLSA's overtime and minimum wage requirements with respect to Plaintiff, irrespective of Defendants' qualifying annual business.

## BACKGROUND FACTS

13. Defendant Cerus and its subsidiary, Defendant Fortuna, as described above, operate as a single enterprise and joint employer to provide investment services to their various clientele.

14. Defendant Soler, on behalf of Defendants, hired Plaintiff to work for Defendants as President and Chief Compliance Officer. Plaintiff officially began working for Defendants on September 21, 2016, at Defendants' office located at 600 East Crescent Avenue, Upper Saddle River, New Jersey 07458. Plaintiff worked for Defendants in that role at that location until January 31, 2017. As compensation, Defendants agreed to pay Plaintiff a weekly salary of $1,442.31, as well as five percent in commissions on the total gross amount raised at the closing of every pre-Initial Public Offering deal.

15. As President and Chief Compliance Officer, Defendants required Plaintiff to respond to Defendant Fortuna's client inquiries, review Defendant Fortuna's client files to ensure that Defendants had all necessary documentation, and monitor investments made on an excel spreadsheet.

16. For the entire duration of Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, five to seven days per week, Monday to Friday and sometimes on weekends from any time between 8:00 a.m. and 9:00 a.m. to any time between 7:30 p.m. and 1:30 a.m. Plaintiff worked an average of sixty hours per week.

17. By way of example, during the week of January 2 through January 8, 2017, Defendants required Plaintiff to work, and Plaintiff did work, five days, from as early as 8:30 a.m. to as late as 8:00 p.m. on each weekday, without an uninterrupted break, for a total of approximately fifty-five hours that week.

18. From September 21, 2016 to October 31, 2016, Defendants, as agreed, paid Plaintiff $1,442.31 per week.

19. However, for his work from November 1, 2016 to January 31, 2017, Defendants paid Plaintiff nothing for any of his hours worked, nor did they pay Plaintiff for any commissions earned. This remains true through the date of filing of this Complaint.

20. Moreover, Defendant Soler, on behalf of Defendants, promised Plaintiff at the time of his hire that Defendants would reimburse Plaintiff for his travel expenses that he incurred to travel to work from his home in New York to New Jersey.

21. Indeed, from September 21 to December 31, 2016, Defendants, as agreed, reimbursed Plaintiff for his travel expenses.

22. However, Defendants failed to reimburse Plaintiff for any of his travel expenses, consisting of Long Island Rail Road and New Jersey Transit train tickets, and parking at the Floral Park, New York train station, from January 1, 2017 to January 31, 2017. This remains true through the date of filing of this Complaint.

23. Defendants acted in this manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

24. Each hour that Plaintiff worked was for Defendants' benefit.

25. Making matters worse, in March 2017, Plaintiff discovered that Defendants issued him a fraudulent IRS Form 1099 information return for the 2016 tax year. As discussed above, at all times during 2016, Plaintiff was Defendants' employee, as Defendant Soler, on behalf of Defendants, exercised control over Plaintiff by setting Plaintiff's pay, directing his day-to-day schedule, and overseeing his work assignments. Furthermore, Plaintiff had no opportunity to experience profit or loss, and Plaintiff's work was integral to Defendants' business as he responded to Defendant Fortuna's client inquiries, reviewed Defendant Fortuna's client files to ensure that

Defendants had all necessary documentation, and monitored Defendants' investments made on an excel spreadsheet.

26. Defendants issued Plaintiff this fraudulent information return despite Defendants' knowledge that Plaintiff was their employee and not an independent contractor.

27. Defendants issued Plaintiff this fraudulent information return for the specific intent of defrauding the Internal Revenue Service and attempting to shift their tax liability to Plaintiff with respect to Defendants' payroll taxes relating to FICA, FUTA, Social Security and Medicare tax liability.

28. Indeed, as a result of Defendants' fraud, Plaintiff incurred at least an estimated $2,641.00 in additional federal tax liability plus $514.00 in New York state tax liability, both of which should have been borne by Defendants.

29. Defendants willfully filed or caused to be filed this fraudulent information return with the IRS on or around March 1, 2017.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

30. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

33. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate him in accordance with the FLSA's overtime provisions.

34. Defendants willfully violated the FLSA.

35. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

36. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages in Violation of the FLSA*

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

39. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

40. As also described above, Defendants did not compensate Plaintiff at least at the minimum hourly rate required by the FLSA for all hours worked.

41. Defendants willfully violated the FLSA.

42. At the least, Plaintiff is entitled to pay at the minimum wage rate of pay required by the FLSA for all hours worked.

43. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Full Amount of Wages in Violation of the NJWPL*

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NJWPL § 34:11-4.2 requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

46. As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff is an employee within the meaning of the NJWPL.

47. As also described above, Defendants failed to pay Plaintiff the full amount of wages due to him each pay period from November 1, 2016 to January 31, 2017, by not paying him at all for his work performed during this period and by not paying him any of his earned commissions.

48. Plaintiff is entitled to payment for all wages due to him that were not paid.

49. Plaintiff is also entitled to interest and attorneys' fees for Defendants' violations of the NJWPL's full payment provisions.

### **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Breach of Contract Under New Jersey Common Law*

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. As described above, a contract existed between Plaintiff and Defendants, as at the time of Plaintiff's hire, Defendants promised to reimburse Plaintiff for his travel expenses to and from work in exchange for Plaintiff agreeing to work for Defendants.

52. As also described above, Defendants breached this contract by failing to reimburse Plaintiff for his travel expenses from January 1, 2017 to January 31, 2017, even though Plaintiff was fulfilling his promise to work for Defendants during this time.

53. As a result of Defendants' breach, Plaintiff is entitled to compensation in the amount of his travel expenses to and from work from January 1, 2017 to January 31, 2017, plus interest.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Willfully Filing a Fraudulent Information Return in Violation of the IRC*

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. 26 U.S.C. § 7434(a) prohibits any person from willfully filing a fraudulent information return with respect to payments purported to be made to any other person.

56. As described above, Defendants willfully filed a fraudulent IRS Form 1099 on behalf of Plaintiff for the 2016 tax year.

57. As a result, Plaintiff is entitled to recover the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff as a proximate result of Defendants' filing of the fraudulent information return, including any costs attributable to resolving deficiencies asserted as a result of such filing, as well as the costs of this action, and reasonable attorneys' fees.

58. Pursuant to 26 U.S.C. § 7434(d), contemporaneous with the filing of this Complaint, Plaintiff is providing a copy of this Complaint to the IRS.

## DEMAND FOR A JURY TRIAL

59. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New Jersey laws;

B. An order restraining Defendants from any retaliation against Plaintiff for participating in this lawsuit in any form;

C. All damages that Plaintiff has sustained as a result of the Defendants' unlawful payment practices and as a result of Defendants' contractual breach, including all unpaid wages and unreimbursed travel expenses;

D. Liquidated damages and any other statutory penalties as recoverable under the FLSA, the NJWPL, and the IRC;

E. An amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff as a proximate result of Defendants' filing of the fraudulent information return, including any costs attributable to resolving deficiencies asserted as a result of such filing;

F. Granting an award of reasonable attorneys' fees, as well as all costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

G. Granting an award of pre-judgment and post-judgment interest, as provided by law; and

H. Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 11, 2019

                Respectfully submitted,
                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                655 Third Avenue, Suite 1821
                New York, New York 10017
                Tel: (212) 679-5000
                Fax: (212) 679-5005

By: _____
      MICHAEL R. MINKOFF (MM 4787)